# MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTISTS RIGHTS ENFORCEMENT CORPORATION, <br><br> Plaintiff, <br><br> -against- <br><br> DIONNE WARWICK, <br> Defendant. | Case No.  25-cv-10381 (KPF) <br><br><br> **PROTECTIVE ORDER** |

The parties, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    Any party to this litigation or non-party producing any Discovery Material shall have the right to designate as "Confidential" and subject to this Order any non-public information, document, or thing, or portion of any document or thing that contains:

1

(a) financial information;

(b) sensitive business information;

(c) information relating to ownership or control of any non-public company;

(d) intimate personal information;

(e) information received in confidence from third parties; or

(f) as directed by the Court.

(subsections (a)-(f) above and together being hereinafter, the "Confidential Information").  Any party to this litigation who produces, discloses, or receives in this litigation any Confidential Information, including without limitation any information, document, thing,  interrogatory answer, admission, pleading, or testimony, shall be entitled to mark the same—or where impractical to label via a cover letter—with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

3.    With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information.

4.    If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, they may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) employees, officers, and owners of the parties;

(c) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action;

(f) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

(g) stenographers engaged to transcribe depositions conducted in this action; and

(h) the Court and its support personnel.

6.    Prior to any disclosure of any Confidential Material to any person referred to in subparagraphs 5(e) and 5(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel if they request it.

7.    All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential

Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and no text that in no material way reveals the Confidential Discovery Material.

8.   Any party who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for any affected person(s) can seek an order from the Court.

9.   The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court.

10.   Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11.   If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and notify counsel that all such information has been returned or destroyed.

13.    Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14.    As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The parties shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in-camera review of the Inadvertently Disclosed Information.

16.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that counsel for the parties may retain a copy of all Discovery Material designated as Confidential.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**.

Dated: June 12, 2026

Counsel for Plaintiff:  /s/ Glenn Greenberg
MOUND COTTON WOLLAN & GREENGRASS LLP
Glenn Greenberg, Esq.
*Special Counsel*
One New York Plaza
New York, NY 10004
Tel: 212.804.4254
Email: ggreenberg@moundcotton.com

Counsel for Defendant:

/s/ Robert Meloni
MELONI & McCAFFREY LLC
Robert S. Meloni, Esq.
3 Columbus Circle, 15th Floor
New York, New York  10019
Tel: (917) 331-9556
Email:  rmeloni@m2lawgroup.com

```
This agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any
time.  The Court will retain jurisdiction over the terms
and conditions of this agreement only for the pendency of
this litigation.
```

Dated:     June 15, 2026          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

6

# EXHIBIT

**EXHIBIT A**

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20__


_____          _____
Name (printed)                              Signature


Signed in the presence of:


_____
(Attorney)