MELONI & McCAFFREY LLC
ATTORNEYS AT LAW
3 Columbus Circle | 15th Floor
New York, New York 10019
Telephone: (212) 520-6090
Facsimile: (917) 210-3758
www.m2lawgroup.com

Robert S. Meloni

Writer's Direct Telephone: (917) 331-9556
Writer's Email: rmeloni@m2lawgroup.com

September 16, 2026

**BY ECF**

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re: *Artists Rights Enforcement Corp. ("AREC") v. Dionne Warwick*, Case. No. 25-CV-10381

Dear Judge Failla:

I write on behalf of Defendant Dionne Warwick regarding Plaintiff's pre-motion conference letter dated September 10, 2026. I will address the salient points *seriatim*:

Interrogatory No. 2

The first issue relates to PPL, a UK-based music licensing company that collects and distributes public performance royalties on behalf of record companies and performers in the United Kingdom. In Interrogatory No. 2 of AREC's Second Set of Interrogatories served on August 13, 2026, AREC demanded that Ms. Warwick provide it with the amount PPL purportedly paid to Ms. Warwick directly since 12/15/2025. To put this issue into perspective, as reported to Ms. Warwick in late 2025, for the royalty period ending 12/31/2025, AREC was collecting these royalties and reported on December 18, 0225 that for the period ending 12/31/2025, PPL paid a total of $4,608, of which AREC took a commission of 25%, or $1,152. This present complaint presumably deals with a similar amount for 2026, so AREC's present claim for its 25% share of PPL monies is believed to be approximately $1,152.

AREC also refers to a comment made by Ms. Warwick in her deposition taken 7/22/2026 when she was asked if "*there [was] anything else that occurred from 2014 to present, that changed the amount of money that you received from PPL?*" The following was exchanged after that question:

A. I started receiving the full amount as opposed to percentages that they were taking. They. That Artists Rights was receiving.
Q. When did that occur?
A. Quite recently.

Ms. Warwick immediately clarified what she meant by "quite recently," and testified that she meant when her counsel sent the termination notice at issue in this case to AREC, which occurred September 16, 2025. *See* Amended Complaint, ¶26 ("On September 16, 2025, Ms. Warwick's counsel sent a [termination] letter to Artists Rights.")

Ms. Warwick made a formal response to Interrogatory No. 2 on August 13, 2026. In addition to numerous objections (including the late service of the second set of Interrogatories, only 32 days before the fact discovery deadline of August 10, 2026), Ms. Warwick did not provide the dollar figure requested and stated "Responding Party will supplement this response if and when additional information becomes available …"

Counsel for the parties subsequently exchanged emails about Ms. Warwick updating the response. I had stated to counsel for AREC that I was endeavoring to find out what amount, if any, PPL paid Ms. Warwick in 2026. After numerous attempts on my part, on the part of Ms. Warwick's business counsel, and the part of Ms. Warwick herself, to determine if PPL paid her anything in 2026, Ms. Warwick realized that PPL had not paid her anything in 2026 and that her response in her deposition should not be interpreted to mean PPL paid her any monies in 2026 and may have been confused about what she was being asked (or at least what AREC's counsel now claims she was asking). That is, the last PPL payments made were to PPL in late 2025, which is when PPL remitted 75% of the amount paid to Ms. Warwick. She was not paid anything by PPL in 2026. If that changes and PPL does eventually pay her anything, Ms. Warwick will supplement her response to Interrogatory No. 2.

Ms. Warwick's response to Interrogatory No. 2 is sufficient as stated. She has no other information responsive to that Interrogatory.

<u>Deposition of The Davis Firm</u>

The second issue relates to three questions posed to Douglas Davis, Ms. Warwick's business attorney and a non-party who was served a Subpoena listing four topics that would be covered at his deposition. At his deposition, I objected to three questions: first, as to form since they were confusing and not clearly stated and, second, because they were outside the scope of those topics. I directed Mr. Davis not to answer and he adhered to my instructions. Counsel for AREC disagreed with the second objection. During the two weeks after the deposition had concluded, he and I conferred about the issue, and I advised counsel that I would not be able to provide the answers to him until I received a copy of Mr. Davis's transcript. On August 30, 2026, counsel finally sent me a copy of the transcript. Ten days later, counsel submitted his instant letter motion to the Court. During that 10-day period, I was unable to confer with Mr. Davis about it as he has been overwhelmed with running his busy law practice and managing (as Executor) the Estate of his late father, Clive Davis, who passed away this past June. I did not press Mr. Davis since, in addition to dealing with the enormity of his personal loss, it was obvious he was overwhelmed with various legal, business and personal responsibilities.

Today, I have served on counsel for AREC a Declaration from Mr. Davis in which he provides answers to the three questions at issue. Again, to put this into perspective, the questions sought information as to which Mr. Davis had no personal knowledge, and his Declaration states that he had no personal knowledge sufficient to answer the three questions posed.[1]

Accordingly, it is respectfully submitted that there is no longer any reason to bother the Court with the foregoing issues, which I believe have been satisfactorily resolved.

Respectfully,

MELONI & McCAFFREY LLC

By: ______________________________
Robert S. Meloni

cc: All parties of record (*via ECF)*

The Court is in receipt of Plaintiff's Letter Motion to Compel Discovery (Dkt. #43) and Defendant's Letter Response (Dkt. #44). The Court understands from the representations above that Defendant has supplied the requested declaration from Mr. Davis and response to interrogatories from Ms. Warwick, and therefore, it is no longer necessary for the Court to resolve Plaintiff's Letter Motion on the merits.

Therefore, Plaintiff's Letter Motion is DENIED as moot, without prejudice to renewal if Plaintiff deems Ms. Warwick's response or Mr. Davis's declaration to be unsatisfactory.

The Clerk of Court is directed to terminate the pending motion at docket entry 43.

Dated: September 17, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

1 A copy of Mr. Davis's Declaration is being provided separately to the Court via email, and not via ECF.